Ken M. Fitzgerald, State Bar No. 143019
Zishan Lokhandwala, State Bar No. 325567 [Of-counsel]
KEN M. FITZGERALD, ATTORNEY
4236 W. Mineral King Avenue, Visalia, CA 93291
Phone: (559) 733-3733  Fax: (559) 733-3987
Email: ken@kmf-atty.com;  zl@lawromaine.com

Attorneys for Plaintiff, Perla Trejo

# United States District Court
# Eastern District of California

| | |
|---|---|
| Perla Trejo,<br><br>        Plaintiff,<br><br>vs.<br><br>County of Kings, and DOES I-L,<br><br>        Defendants. | Case Number:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) Violation of the First Amendment To The United States Constitution (U.S.C. Am. I)**<br><br>**(2) Violation of the Fourteenth Amendment To The United States Constitution (U.S.C. Am. XIV)**<br><br>**(3) Hostile Work Environment (Violation of Title VII of The Civil Rights Act of 1964)**<br><br>**(4) Deprivation of Federal Civil Rights (Violation of 48 U.S.C. § 1983)**<br><br>**(5) Political Discrimination (Violation of California Government Code Section 3203)**<br><br>**(6) Interference With Exercise of State or Federal Rights (Violation of Cal. Civ. Code § 52.1)**<br><br>**(7) Violation of The Peace Officer's Bill of Rights (Cal Govt. Code § 3303 et. seq.)**<br><br>*JURY TRIAL DEMANDED ON ALL CAUSES*<br>*Under Rule 38 Federal Rules of Civil Procedure* |

-1-

## INTRODUCTION

**1.**      Plaintiff Perla Trejo ("Plaintiff" or "Ms. Trejo") brings this action against the Defendant, County of Kings ("Defendant" or "the County"), asserting violations of her constitutional and statutory rights pursuant to the California Peace Officer's Bill of Rights (POBR), the First and Fourteenth Amendments to the United States Constitution, and further federal laws and authorities. These violations arose from punitive employment actions, political discrimination, and the creation of a hostile work environment by the County.

## JURISDICTION AND VENUE

**2.**      This Court has federal question jurisdiction under 28 U.S.C. § 1331, as this case involves matters of federal law and constitutional rights.

**3.**      Venue is appropriate under 28 U.S.C. § 1391(b)(2) since the actions that gave rise to the claims occurred within this district.

## PARTIES

**4.**      Plaintiff, a resident of the State of California, was a peace officer with the Kings County District Attorney's Office, which is a direct form of Defendant, County of Kings.

**5.**      Defendant, a political subdivision of the State of California, was Plaintiff's employer at the time of the events that form the basis of this lawsuit. The Kings County Board of Supervisors, as the governing body of the County of Kings, acts, represents, and implements policy on the behalf of Defendant.

///////

///////

///////

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

## PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

**6.**　　On or about March 12, 2023, Plaintiff exhausted her administrative remedies by: (1) filing and serving a Government Claim [which referenced her concurrently-filed Department of Fair Employment and Housing ("DFEH") claim] against Defendant which was denied by operation of law; and (2) filing a Complaint with the DFEH and thereafter serving the resulting "Right to Sue" on Defendant.

## FACTUAL ALLEGATIONS

**7.**　　Plaintiff is presently not aware of the true names and/or capacities of defendants DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and upon such information and belief alleges that said fictitiously named defendants are directly and proximately responsible for the injuries and damages alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of said fictitiously named defendants when, and if, ascertained.

**8.**　　Plaintiff is informed and believes and upon such information and belief alleges that at all relevant times each and every Defendant was a principle, agent, employer, employee, manager, supervisor, officer, shareholder and/or owner of each and every other Defendant, and each and every act and/or omission of each and every Defendant occurred by and through the owner of the Defendant and within the course and scope of such agency and/or employment and/or was approved and/or ratified by the acts and/or omissions of each and every other Defendant.

///////

///////

///////

-3-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

9.      Plaintiff was a long-term exemplary employee with Defendant. Plaintiff was an excellent employee and promoted quickly. Plaintiff is currently a licensed investigator with significant training/experience in criminal investigation and forensic interviewing fand criminal justice. Throughout her multi-decade career with the County, Plaintiff consistently received excellent performance reviews and merit-based salary increases.

10.     In 2014, Keith Fagundes ("Fagundes") was elected as District Attorney. From that point forward, a pattern of disrespect, contempt, and hostility towards women in positions of power pervaded the entire office and manifested itself into typical day-to-day work life. For example,

- Fagundes has often referred to women whom he does not like as "cunts," "bitches," "dogs," and "pigs".
- Fagundes has often referred to the idea of certain women in the office with whom Plaintiff worked engaging in sexual exploits with other members of the office;
- Fagundes has often publicly stated that women belong in subservient positions to men and should not be trusted in positions of power.

11.     On June 14, 2022, the County, in a clear violation of due process, unceremoniously expelled Ms. Trejo from her position within the Peace Officer Standards and Training (POST) program. This action was taken without providing her with an opportunity for a hearing, a necessary and fundamental right afforded to her under the Peace Officer's Bill of Rights (POBR), specifically California Government Code section 3303.

///////

///////

///////

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave.
Visalia, CA 93291

-4-

12.     The County's expulsion of Ms. Trejo was not an isolated incident but part of a broader pattern of unjustifiable and retaliatory actions. Specifically, in a move that appeared to be targeted towards Ms. Trejo and her service canine, Diamond, the County discriminatorily revised its canine handling policy. The new policy, implemented in June 2022, jeopardized Ms. Trejo's vested right to care for Diamond upon the canine's retirement from service. This modification of the policy was not only a violation of Ms. Trejo's rights but also a clear retaliation for her political affiliations, demonstrating the County's blatant disregard for Ms. Trejo's First Amendment rights.

13.     In further contravention and oppression of Ms. Trejo's rights, and in response to Ms. Trejo's unwillingness to publicly support Keith Fagundes in his campaign for re-election:

- Fagundes would often refer to the fact that he maintains a "blackmail" folder on everyone in the office, including Plaintiff.

- Fagundes would often make comments such as that "dogs are more loyal than women"—somehow in reference to Plaintiff's perceived lack of loyalty towards him as well as his knowledge of Plaintiff's connection with Diamond, which Fagundes knew was great.

- On several occasions Fagundes and Investigator Vicky Jones would stand outside Plaintiff's office and speak negative about Sarah Hacker. Fagundes would lean up against Plaintiff's doorway while holding these conversations, where Plaintiff's office was not located in a common area where people would typically stand to hold conversations it is upon information and belief hereby alleged that Fagundes would go out of his way for me to hear the negative communications.

///////

///////

///////

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

-5-

14.     Making the situation increasingly untenable, the County, particularly through the actions of District Attorney Keith Fagundes and Assistant Chief, Charlie Flores, created a hostile work environment,  marked by frequent discriminatory practices and overt retaliation, turning Ms. Trejo's workspace into a zone of persistent stress, anxiety, and unfair treatment, ultimately leading to retaliatory removal from POST, stripping of all peace officer related property, retaliatory change of canine handling policy, severe anxiety from untenable status with her employment, damage to reputation, and potential damage to career—all for ulterior motives unrelated to job performance.  This hostility was not merely uncomfortable but also directly violated Ms. Trejo's rights under Title VII of the Civil Rights Act of 1964.

15.     The County's senior officials exhibited a deliberate and disheartening indifference to Ms. Trejo's attempts to address the unfair treatment and escalating hostility she was experiencing. Despite Plaintiff's good faith efforts to report these issues, including multiple, detailed complaints submitted to the former HR director, Henie Ring, the County failed to take any meaningful or effective action.

16.     Moreover, in a further demonstration of its blatant disregard for Ms. Trejo's rights, the County also ignored her concerns about the clear and present threat of retaliation she was facing due to her political beliefs. These concerns were expressed clearly and unequivocally to the appropriate officials, yet the County neglected to take any substantive steps to address them.

17.     As a result of the County's actions and inaction, Ms. Trejo was left to endure a hostile work environment, the threat of retaliatory action, and the loss of her position and vested rights without any form of due process. This sequence of events underscores the County's wholesale violation of Ms. Trejo's rights under the First and Fourteenth Amendments to the United States Constitution, the Peace Officer's Bill of Rights, and Title VII of the Civil Rights Act of 1964.

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

### COUNT I :
## Violation of the First Amendment To The United States Constitution
### (U.S.C. Am. I)

18.　　Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

19.　　Defendant County of Kings systematically and deliberately infringed on Ms. Trejo's First Amendment rights by punishing her for her political beliefs, activities, and affiliations. This flagrant disregard of her constitutionally protected rights resulted in significant harm to Ms. Trejo, both professionally and personally.

20.　　In an act of calculated retaliation, the County discriminatorily revised its canine handling policy in June 2022, manipulating Ms. Trejo's vested right to care for her service canine, Diamond, upon the dog's retirement from service. This change in policy was not only a blatant violation of Ms. Trejo's rights but also a direct, punitive response to her political beliefs, particularly her unwillingness to publicly support the outgoing District Attorney, Keith Fagundes, in his contentious bid for re-election against his opponent, Sarah Hacker.

21.　　This policy change, as well as the broader pattern of discriminatory treatment and retaliatory actions, was in large part designed to suppress and punish Ms. Trejo's political expressions and affiliations. The Defendant, through its actions, sought to thwart Ms. Trejo from exercising her First Amendment right to freely express her support for Ms. Hacker over incumbent Fagundes in the District Attorney election.

///////

///////

///////

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave.
Visalia, CA 93291

-7-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**22.**     As a direct and proximate result of the Defendant's actions, as detailed above, Ms. Trejo has suffered substantial harm. This includes the unjust expenditure of her time and resources to secure her vested right to care for Diamond upon the dog's retirement from service, as well as the persistent violation of her First Amendment rights. The ongoing chilling effect of this violation, embodied in the suppressive atmosphere created by Fagundes, has caused and continues to cause significant distress to Ms. Trejo, all to her damage in sum according to proof at trial.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## COUNT II :
## Violation of the Fourteenth Amendment To The United States Constitution
## (U.S.C. Am. XIV)

**23.**     Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

**24.**     Defendant's actions, with reckless disregard for Ms. Trejo's constitutional rights, unlawfully deprived her of her protected property interest, specifically her vested right to employment and her entitlement to benefits as a peace officer under California law, without due process, and in direct violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

//////

///////

///////

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

-8-

25.      On or about June 14, 2022, the County, without cause or justification, abruptly expelled Ms. Trejo from her professional capacity within the Peace Officer Standards and Training (POST) program. Furthermore, they forced her to surrender the keys to her service vehicle, severing her ties to her service canine, Diamond. This punitive action was taken without offering Ms. Trejo an opportunity for a fair and impartial hearing, as mandated by the Peace Officer's Bill of Rights Act (POBRA), under California Government Code section 3303. This disregard for due process rights constitutes an infringement of Ms. Trejo's Fourteenth Amendment rights.

26.      The County's unjustifiable expulsion of Ms. Trejo has led to a permanent blemish on her professional record, consequently hindering her future prospects of employment within law enforcement, causing her substantial non-economic harm.

27.      Defendant's actions, as detailed above, have directly and proximately resulted in substantial harm to Ms. Trejo. She has had to expend considerable time, emotional energy, and resources to fight for the reinstatement of her rights and privileges. The chilling effect of these violations, the suppressive atmosphere cultivated by District Attorney Fagundes, and the top officials at the Kings County District Attorney's Office, have caused Ms. Trejo significant distress, anxiety, and emotional trauma, all to her damage in a sum to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.


# COUNT III :
## Hostile Work Environment
## (Violation of Title VII of The Civil Rights Act of 1964)

28.      Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

-9-

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

29.     The Defendant, acting under the authority vested in it by the state, has violated Ms. Trejo's rights under Title VII of the Civil Rights Act of 1964. The County, through its agents and employees, particularly District Attorney Keith Fagundes and Assistant Chief Charlie Flores, intentionally created and perpetuated a hostile work environment for Ms. Trejo, causing her significant distress and harm.

30.     The County, in a clear show of retaliation and discrimination, unjustly revised its canine handling policy, which directly targeted Ms. Trejo and her service canine, Diamond. This policy change jeopardized Ms. Trejo's vested right to care for Diamond upon the canine's retirement from service. It was not only a violation of Ms. Trejo's rights but also a means to create an intimidating, hostile, and offensive working environment.

31.     This hostile work environment, characterized by pervasive discrimination and retaliation, as well as overt sexism, was so severe and pervasive that it altered the conditions of Ms. Trejo's employment and created an abusive working atmosphere. This oppressive environment was perpetuated by Fagundes and Flores, who consistently and systematically employed unjustified adverse employment actions against Ms. Trejo.

32.     Despite multiple good faith complaints by Ms. Trejo to the County's HR department, specifically to former HR director Henie Ring, the County failed to take any effective action to correct the hostile work environment. This inaction further demonstrates the County's disregard for its responsibilities under Title VII.

33.     As a direct and proximate result of the Defendant's violations of her rights under Title VII, Ms. Trejo has suffered and continues to suffer significant harm, including but not limited to, emotional distress, loss of professional opportunities, and financial loss due to the unwarranted expenditure of time and resources.

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

-10-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**34.**     The County's actions and inaction have caused and continue to cause significant distress to Ms. Trejo, manifesting in both emotional and psychological harm, all to her damage in sum to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## COUNT IV :
### Deprivation of Federal Civil Rights
### (Violation of 48 U.S.C. § 1983)

**35.**     Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

**36.**     The Defendant, under color of state law, deprived and continues to deprive Ms. Trejo of her rights and privileges secured by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

**37.**     On June 14, 2022, the County, without adequate justification and due process, expelled Ms. Trejo from her position in the Peace Officer Standards and Training (POST) program, thus violating her Fourteenth Amendment rights. The County's actions were not in compliance with POBRA, particularly California Government Code section 3303, which mandates a hearing before taking such punitive measures.

**38.**     Further exacerbating Ms. Trejo's deprivations, the County retaliatorily revised its canine handling policy, directly targeted Ms. Trejo and her service canine, Diamond, altering her right to care for Diamond upon the canine's retirement from service. This act is not only an infringement of Ms. Trejo's rights but is also a clear retaliation for her political affiliations, demonstrating the County's disregard for her First Amendment rights, and a pattern of restraint that has been typified by the County of Kings District Attorney's Office; in particular, Fagundes.

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave.
Visalia, CA 93291

**39.**    The County, through its representatives, particularly District Attorney Keith Fagundes and Assistant Chief Charlie Flores, created a systemic sphere of oppression as to Ms. Trejo's First and Fourteenth Amendment rights.

**40.**    The County, through its representatives, particularly District Attorney Keith Fagundes and Assistant Chief Charlie Flores further created a hostile work environment marked by discriminatory practices and overt retaliation, in violation of Ms. Trejo's rights under Title VII of the Civil Rights Act of 1964.

**41.**    Despite Ms. Trejo's good faith efforts to report these issues, the County showed a gross indifference to her numerous, detailed complaints submitted to the former HR director, Henie Ring. The County took no meaningful or effective actions to remedy the situation.

**42.**    As a direct and proximate result of the County's violations of her constitutional rights, as detailed above, Ms. Trejo has suffered and continues to suffer significant harm. The harm includes not only the unwarranted expenditure of time and resources but also emotional distress caused by the hostile work environment, the loss of her job, and the threat of retaliation due to her political beliefs.

**43.**    These continuous violations have caused and continue to cause significant distress to Ms. Trejo, manifesting in both emotional and psychological harm, all to her damage in sum to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.


# COUNT V :
## Political Discrimination
### (Violation of California Government Code § 3203)

**44.**    Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them equally applicable to this Cause of Action.

-12-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

45.    The Defendant, County of Kings, acting through its agents and representatives, notably District Attorney Keith Fagundes and Assistant Chief Charlie Flores, has violated Ms. Trejo's rights under California Government Code Section 3203, which prohibits discrimination and retaliation on the basis of political affiliations, beliefs, and activities.

46.    The Defendant, acting with clear and unjust bias, discriminated against Ms. Trejo due to her political affiliations. This was especially evidenced when the County discriminatorily revised its canine handling policy, thereby altering Ms. Trejo's vested right to care for her service canine, Diamond, upon the canine's retirement from service. This revision was not only an explicit violation of Ms. Trejo's rights, but also a blatant act of retaliation against her political beliefs and affiliations.

47.    The Defendant's discriminatory acts were intended to discourage and punish Ms. Trejo for her support for Sarah Hacker, an opponent to the incumbent District Attorney Keith Fagundes, in the District Attorney election. This calculated political discrimination has imposed a chilling effect on Ms. Trejo's exercise of her First Amendment rights, thereby violating her rights under California Government Code Section 3203.

48.    Despite Ms. Trejo's multiple good faith efforts to report this political discrimination to the appropriate authorities, including the former HR director Henie Ring, the Defendant failed to address the allegations in a substantive and meaningful manner, demonstrating a deliberate indifference to Ms. Trejo's rights under California law.

49.    As a direct and proximate result of the Defendant's actions and inactions, Ms. Trejo has suffered significant harm. This includes the unjust expenditure of her time and resources, as well as emotional distress and loss of professional opportunities.

//////

///////

-13-

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

50.     The County's actions have had a deleterious impact on Ms. Trejo, manifesting in both emotional and psychological harm, all to her damage in a sum to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## COUNT VI :
## Interference With Exercise of State or Federal Rights
## (Violation of Cal. Civ. Code § 52.1)

51.     Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

52.     Defendant, County of Kings, by and through its agents, notably District Attorney Keith Fagundes and Assistant Chief Charlie Flores, has violated California Civil Code Section 52.1, which prohibits interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or of the rights secured by the Constitution or laws of this state.

53.     The Defendant, acting willfully and with a clear intent to harm, undertook actions that have effectively interfered with Ms. Trejo's ability to exercise her rights under state and federal law. This interference was enacted through a series of discriminatory, coercive, and retaliatory measures including, but not limited to, the unjust expulsion from the POST program, the discriminatory revision of the canine handling policy, and the creation of a hostile work environment.

///////

///////

-14-

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

54.     The Defendant's actions were intended to intimidate and coerce Ms. Trejo, thereby preventing her from exercising her rights under the First and Fourteenth Amendments to the U.S. Constitution, Title VII of the Civil Rights Act of 1964, Peace Officer's Bill of Rights (POBR), California Government Code Section 3203, and other applicable laws. This direct interference has had a chilling effect on Ms. Trejo's willingness and ability to exercise these rights.

55.     Despite Ms. Trejo's repeated attempts to voice her concerns and report these instances of interference, the County demonstrated a deliberate indifference by failing to take necessary steps to rectify the situation and prevent further violations of her rights under California and federal law.

56.     As a direct and proximate result of the Defendant's actions and inactions, Ms. Trejo has suffered significant harm. This includes the unwarranted expenditure of her time and resources, as well as emotional distress and the loss of professional opportunities.

57.     The Defendant's actions have resulted in both emotional and psychological harm to Ms. Trejo, all to her damage in a sum to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.


## COUNT VII :
## Violation of The Peace Officer's Bill of Rights (Cal Govt. Code § 3303 et. seq.)

58.     Plaintiff reiterates, reaffirms, and incorporates by reference each preceding allegation contained in this Complaint, holding them as equally applicable to this Cause of Action.

//////

/////

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

59.    The Peace Officer's Bill of Rights Act (POBRA) codified in California Government Code Section 3300 et seq. provides an array of rights and protections to peace officers, all of which are geared towards safeguarding their fair treatment, particularly with regard to administrative investigations, interrogations, and discipline.

60.    Under Section 3303, among other provisions, POBRA mandates that no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer without providing the officer with an opportunity for an administrative appeal.

61.    On or about June 14, 2022, the Defendant, County of Kings, abruptly expelled Ms. Trejo from her position within the Peace Officer Standards and Training (POST) program, a punitive action enacted without cause or proper justification. This expulsion was executed without providing Ms. Trejo with an opportunity for an administrative hearing, a fundamental right clearly established under Section 3303 of POBRA.

62.    In its actions, the County showed a deliberate disregard for the protections guaranteed to Ms. Trejo under the POBRA, and in doing so, violated her rights under California Government Code Section 3303 et seq.

63.    Further, in violation of Section 3309.5 of POBRA, the County discriminatorily revised its canine handling policy to exclude Ms. Trejo from caring for her service canine, Diamond, upon the dog's retirement. The revision of this policy and the targeted manner of its application was an act of retaliation in response to Ms. Trejo's exercise of her rights, notably her political expressions, and amounted to an infringement of her rights under POBRA.

///////

///////

///////

-16-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

64.     Defendant's actions, as outlined above, have had a profound impact on Ms. Trejo's career, professional standing, and emotional well-being, causing her significant distress and harm, both material and non-material. The County's disregard for Ms. Trejo's rights under POBRA underscores the unlawful and discriminatory nature of its actions.

65.     As a direct and proximate result of the Defendant's actions, as detailed above, Ms. Trejo has suffered substantial harm. This includes the unjust expenditure of her time and resources, the emotional trauma associated with her unfair expulsion, and the negative impact on her professional reputation, all to her damage in a sum to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Trejo respectfully requests that this Court:

**A.** Order the County to reinstate Ms. Trejo to her prior position within the POST program, and return all associated property rights;

**B.** Order the County to revoke the unjust canine handling policy, reinstating Ms. Trejo's vested right to care for her service canine, Diamond;

**C.** Award compensatory damages of $10,000,000.00, or, in the alternative, such amount as the jury may deem appropriate;

**D.** Award Plaintiff's costs, expenses, and reasonable attorney's fees in accordance with law;

**E.** Grant pre-judgment and post-judgment interest as permitted by law;

**F.** Enjoin the County of Kings to revise its canine policies to ensure that Plaintiff be afforded a vested interest in the canine, Diamond, upon retirement of service.

///////

///////

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave
Visalia, CA 93291

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**G.** Enjoin the County of Kings from continued performance of unlawful practices in violation of the POBRA, the First and Fourteenth Amendments to the United States Constitution;

**H.** Grant such other and further relief as this Court deems just and equitable.

Dated: 8/1/23

KEN  FITZGERALD
*Attorney For Perla Trejo*

Dated: 8-1-23

ZISHAN LOKHANDWALA
*Attorney For Perla Trejo*

KEN M. FITZGERALD, ATTORNEY
4236 West Mineral King Ave.
Visalia, CA 93291

-18-

Perla Trejo v. County of Kings, et. al.
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT

# A

COUNTY OF KINGS
Office of The County Counsel

KINGS COUNTY
GOVERNMENT CENTER
1400 W. LACEY BLVD
LAW BLDG. NO. 4
HANFORD, CA 93230
TEL: (559) 852-2445
FAX: (559) 584-0865



DIANE FREEMAN
County Counsel

Deputies
RISE A. DONLON
FRANK A. RUIZ
THOMAS Y. LIN
CINDY CROSE KLEAVER
SUSAN M. FISHER

March 23, 2023

Perla Trejo
1485 Greenfield Avenue
Hanford, CA 93230

Re:     Notice of Denial, Claim for Damages

Dear Ms. Trejo:

I am writing on behalf of the County of Kings (the "County") to notify you that the Claim for Damages you submitted on January 3, 2023, was denied by the Board of Supervisors on March 14, 2023.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. (Government Code Section 945.6). That six-month time limit applies only to claims or causes of action, which are governed by the California Government Claims Act. (Government Code Section 810, *et seq.*). Shorter statutes of limitation may apply to claims or causes of action that are not governed by that.

Sincerely,

Diane Freeman

DIANE FREEMAN
County Counsel

cc:     Catherine Venturella,
Clerk to the Board of Supervisors

PROOF OF SERVICE
(CCP §§ 1013, 1010.6, 1011, 2015.5 and Rules of Court 2.251 & 2.306)

I am employed by the County of Kings. I am over the age of eighteen years and not a party to the above-entitled action; my business address is: 1400 West Lacey Blvd., Bldg. 4, Hanford, CA, 93230. My electronic service address is maricela.delarosa@co.kings.ca.us.

On ___March 23, 2023___, I served the following document(s):

### NOTICE OF REJECTION OF CLAIM FOR DAMAGES

☒   BY MAIL: by placing a true copy of the document(s) in a sealed envelope and placing in the designated area for outgoing mail, addressed as set forth below.

> Perla Trejo
> 1485 Greenfield Avenue
> Hanford, CA 93230

I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in an appropriate mailbox in the County of Kings, California.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on ___March 23, 2023___, at Hanford, California.

MARICELA DE LA ROSA

[186719]

Page 1

PROOF OF SERVICE