James J. Arendt, Esq.        Bar No. 142937
Matthew P. Bunting, Esq.     Bar No. 306034
Penn L. Caine, Esq.          Bar No. 336737

**WEAKLEY & ARENDT**
**A Professional Corporation**
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Matthew@walaw-fresno.com
Penn@walaw-fresno.com

Attorneys for Defendant County of Kings

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA TREJO,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF KINGS, and DOES I-L,<br><br>          Defendants. | CASE NO. 1:23-cv-01181-HBK<br><br>**DEFENDANT COUNTY OF KINGS' ANSWER TO PLAINTIFF'S COMPLAINT (Doc. 1)** |

Defendant County of Kings ("Defendant County") respectfully submits its Answer to Plaintiff's Complaint.

## INTRODUCTION

1.  Defendant County admits that Plaintiff brings her action against Defendant County as stated.

    Defendant County denies there were any constitutional or legal violations that arose from punitive employment actions, political discrimination, or the creation of a hostile work environment by Defendant County.

## JURISDICTION AND VENUE

2.  Defendant County admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

3. Defendant County admits that venue is appropriate under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. Defendant County admits that at all times relevant, Plaintiff was a resident of the State of California.

Defendant County is without knowledge or information as to whether Plaintiff was a peace Officer with the Kings County District Attorney's Office, which is a direct form of Defendant County. This averment is also vague and ambiguous and Defendant County cannot respond without further information.

5. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averments included in Paragraph 5, and on that basis denies them.

**PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averments included in Paragraph 6, and on that basis denies them.

7. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averments included in Paragraph 7, and on that basis denies them.

8. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averments included in Paragraph 8, and on that basis denies them.

9. Defendant County is without knowledge or information sufficient to form a belief as to the truth of the averments included in Paragraph 9, and on that basis denies them.

10. Defendant County admits that Keith Fagundes ("Fagundes") was elected as the District Attorney for the County of Kings in 2014.

Defendant County is without knowledge or information sufficient to form a belief as to the truth of the remaining averments included in Paragraph 10, and on that basis denies them.

11. Defendant County denies it violated Plaintiff due process rights.

Defendant County is without knowledge or information sufficient to form a belief as to remaining averments included in Paragraph 11, and on that basis denies them.

12. Defendant County denies it violated Plaintiff's due process rights, and that this was part of a broader pattern of unjustifiable and retaliatory actions; that Defendant County

discriminatorily revised its canine handling policy in a move targeting Plaintiff and her service canine, Diamond; that this modification of the policy was a violation of Plaintiff's rights or retaliation for her political affiliations, demonstrating Defendant County's blatant disregard for Plaintiff's First Amendment rights.

Defendant County is without knowledge or information sufficient to form a belief as to remaining averments included in Paragraph 12, and on that basis denies them.

13. Defendant County denies it contravened or oppressed Plaintiff's rights in response to her unwillingness to publicly support Fagundes in his re-election campaign.

Defendant County is without knowledge or information sufficient to form a belief as to remaining averments included in Paragraph 13, and on that basis denies them.

14. Defendant County denies it created a hostile work environment, marked by frequent discriminatory practices and overt retaliation, turning Plaintiff's workspace into a zone of persistent stress, anxiety, and unfair treatment, ultimately leading to retaliatory removal from POST, stripping her all of peace officer related property, retaliatory change of canine handling policy, severe anxiety from untenable status with her employment, damage to reputation, and potential damage to career, all for ulterior motives unrelated to job performance.  Defendant County denies is directly violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

Defendant County is without knowledge or information sufficient to form a belief as to remaining averments included in Paragraph 14, and on that basis denies them.

15. Defendant County denies the averments set forth in Paragraph 15 of the Complaint.

16. Defendant County denies the averments set forth in Paragraph 16 of the Complaint.

17. Defendant County denies the averments set forth in Paragraph 17 of the Complaint.

/ / /

/ / /

/ / /

## COUNT I:

### Violation of the First Amendment to the United States Constitution

### (U.S.C. Am. 1)

18. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 17 as though fully set forth.

19. Defendant County denies the averments set forth in Paragraph 19 of the Complaint.

20. Defendant County denies the averments set forth in Paragraph 20 of the Complaint.

21. Defendant County denies the averments set forth in Paragraph 21 of the Complaint.

22. Defendant County denies the averments set forth in Paragraph 22 of the Complaint.

## COUNT II

### Violation of the Fourteenth Amendment to the United States Constitution

### (U.S.C. Am. XIV)

23. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 22 as though fully set forth.

24. Defendant County denies the averments set forth in Paragraph 24 of the Complaint.

25. Defendant County denies the averments set forth in Paragraph 25 of the Complaint.

26. Defendant County denies the averments set forth in Paragraph 26 of the Complaint.

27. Defendant County denies the averments set forth in Paragraph 27 of the Complaint.

/ / /

/ / /

## COUNT III:

## Hostile Work Environment

### (Violation of Title VII of the Civil Rights Act of 1946)

28. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 27 as though fully set forth.

29. Defendant County denies the averments set forth in Paragraph 29 of the Complaint.

30. Defendant County denies the averments set forth in Paragraph 30 of the Complaint.

31. Defendant County denies the averments set forth in Paragraph 31 of the Complaint.

32. Defendant County denies the averments set forth in Paragraph 32 of the Complaint.

33. Defendant County denies the averments set forth in Paragraph 33 of the Complaint.

34. Defendant County denies the averments set forth in Paragraph 34 of the Complaint.

## COUNT IV:

## Deprivation of Federal Civil Rights

### (Violation of 48 U.S.C. § 1983)

35. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 34 as though fully set forth.

36. Defendant County denies the averments set forth in Paragraph 36 of the Complaint.

37. Defendant County denies the averments set forth in Paragraph 37 of the Complaint.

38. Defendant County denies the averments set forth in Paragraph 38 of the Complaint.

39. Defendant County denies the averments set forth in Paragraph 39 of the Complaint.

40. Defendant County denies the averments set forth in Paragraph 40 of the Complaint.

41. Defendant County denies the averments set forth in Paragraph 41 of the Complaint.

42. Defendant County denies the averments set forth in Paragraph 42 of the Complaint.

43. Defendant County denies the averments set forth in Paragraph 43 of the Complaint.

## COUNT V:

### Political Discrimination

### (Violation of California Government Code § 3203)

44. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 43 as though fully set forth.

45. Defendant County denies the averments set forth in Paragraph 45 of the Complaint.

46. Defendant County denies the averments set forth in Paragraph 46 of the Complaint.

47. Defendant County denies the averments set forth in Paragraph 47 of the Complaint.

48. Defendant County denies the averments set forth in Paragraph 48 of the Complaint.

49. Defendant County denies the averments set forth in Paragraph 49 of the Complaint.

50. Defendant County denies the averments set forth in Paragraph 50 of the Complaint.

/ / /

## COUNT VI:

### Interference With Exercise of State or Federal Rights

### (Violation of California Civil Code § 52.1)

51. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 50 as though fully set forth.

52. Defendant County denies the averments set forth in Paragraph 52 of the Complaint.

53. Defendant County denies the averments set forth in Paragraph 53 of the Complaint.

54. Defendant County denies the averments set forth in Paragraph 54 of the Complaint.

55. Defendant County denies the averments set forth in Paragraph 55 of the Complaint.

56. Defendant County denies the averments set forth in Paragraph 56 of the Complaint.

57. Defendant County denies the averments set forth in Paragraph 57 of the Complaint.

## COUNT VII:

### Violation of the Peace Officers' Bill of Rights

### (California Government Code § 3303, *et seq.*)

58. Defendant County re-alleges and incorporates by reference its responses to Paragraphs 1 through 57 as though fully set forth.

59. The averments in Paragraph 59 contain legal conclusions to which no answer is required.

60. The averments in Paragraph 60 contain legal conclusions to which no answer is required.

61. Defendant County denies the averments set forth in Paragraph 61 of the Complaint.

62. Defendant County denies the averments set forth in Paragraph 62 of the Complaint.

63. Defendant County denies the averments set forth in Paragraph 63 of the Complaint.

64. Defendant County denies the averments set forth in Paragraph 64 of the Complaint.

65. Defendant County denies the averments set forth in Paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff has failed to state facts sufficient to constitute a cause of action for which relief can be granted. *Code of Civil Procedure* § 430.10(e).

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, the causes of action alleged in the Complaint are barred by the applicable statutes of limitations.

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, the causes of action alleged in the Complaint are barred due to Plaintiff's failure to comply with the claim presentation requirements of the California Government Tort Claims Act.

AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, the causes of action alleged in the Complaint are barred because Plaintiff failed to timely and properly exhaust her administrative remedies with the Equal Employment Opportunity Commission and/or the Department of Fair Employment and Housing.

AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, all of Defendant County's acts affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory, and non-discriminatory reasons and/or as a result of a business necessity.

AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, at all times and places referred to in Plaintiff's Complaint on file herein, and the causes of action therein alleged, Defendant County's actions were based on bona fide factors.

AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred by the doctrine of laches. *Civil Code* § 3527.

AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred by Plaintiff's willful misconduct.

AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff has failed to mitigate alleged damages, if any, which Plaintiff claims to have sustained, and recovery should be barred or diminished accordingly.

AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant County's legal responsibility and/or liability, if any, with respect to non-economic damages shall be limited to the percentage of fault attributable to Defendant County, and that a separate judgment shall be rendered apportioning fault.

AS AND FOR A ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, at all times and places referred to in the Complaint on file herein, and the causes of action therein alleged, Plaintiff consented to the acts of which Plaintiff now complains.

AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred in whole or part because Defendant County exercised reasonable care to prevent and correct harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm.

AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred in whole or part because Plaintiff's sole and exclusive remedy is workers' compensation insurance. *Labor Code* §§ 3200-6208.

AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred by Plaintiff's failure to exhaust Defendant's internal complaint procedures.

///

AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's Complaint and causes of action therein alleged are barred by Plaintiff's failure to exhaust the administrative remedies provided by California law for persons aggrieved or claiming to be aggrieved by an administrative action.

AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, by failing to timely report the alleged harassment, discrimination, and/or retaliation, if any, Plaintiff is estopped from seeking relief for such claims.

AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, any and all acts of Defendant County, and/or its agents and employees which allegedly caused the injury complained of were the result of the exercise of discretionary authority vested in them. Therefore, Defendant County is not liable to plaintiff or for his damages, if any, pursuant to the provisions of Government Code sections 820.2 and 815, 815.2, 815.6, and 935.

AS AND FOR AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant County is not liable to Plaintiff based upon a theory of common law, and Defendant County is immune from such claims pursuant to Government Code section 815.

AS AND FOR A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant County claims a reduction in any judgment for medical expenses pursuant to Government Code section 985.

AS AND FOR A TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff has failed to exhaust her administrative remedies for his FEHA claims as required by California law.  See, *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000); *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995).  Accordingly, Plaintiff's FEHA claims are barred.

AS AND FOR A TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Plaintiff has failed to state any statutory theories of liability against Defendant County with respect to her causes of action brought under the State of California.

AS AND FOR A TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE, with respect to her claims brought pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's

rights under the United States Constitution and federal law, Defendant County cannot be found liable for the acts or omissions of its agents or employees under the doctrine of respondeat superior.

AS AND FOR A TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE, Defendant County cannot fully anticipate all affirmative defenses which may be applicable to this action based on the allegations in the Complaint.

Accordingly, Defendant County expressly reserves the right to assert such additional defenses to the extent that such defenses may become applicable.

DATED:  October 6, 2023

WEAKLEY & ARENDT
A Professional Corporation

By: */s/ James J. Arendt*
James J. Arendt
Matthew P. Bunting
Penn L. Caine
Attorneys for Defendant County of Kings

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all triable issues.

DATED:  October 6, 2023

WEAKLEY & ARENDT
A Professional Corporation

By: */s/ James J. Arendt*
James J. Arendt
Matthew P. Bunting
Penn L. Caine
Attorneys for Defendant County of Kings